**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4928**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD LEN TAYLOR, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:04-cr-00028-2; 5:06-cv-00100)

———————————

Submitted:  July 25, 2007          Decided:  November 8, 2007

———————————

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James O. Rice, Jr., EVANS & RICE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Len Taylor, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute a quantity of methamphetamine and using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 21 U.S.C. §§ 841, 846, 851 (2000) and 18 U.S.C. §§ 24(c), 2 (2000). The court sentenced him to 322 months' imprisonment. On appeal Taylor's counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. However, counsel states that Taylor has requested that he raise the following claims of ineffective assistance of counsel: (1) failure to thoroughly explain the import of the proceedings against him in that he has only a ninth grade education and did not fully understand the nature of the proceedings; (2) failure to interview several key witnesses; (3) coercing him to plead guilty to the charge of knowingly and unlawfully using and carrying a firearm in furtherance of a drug trafficking crime, a crime for which he is in fact innocent; and (4) refusing to assert his contention that the enhancement under 21 U.S.C. § 851 (2000) was improper as it was based upon an offense committed within the scope of the instant conspiracy. Taylor was advised of his right to file a pro se supplemental brief, but did not do so. Upon a thorough review of the record, we affirm.

Claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000) unless it conclusively appears from the face of the record that appellant's counsel was ineffective. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We conclude that because the first three issues raised by Taylor require consideration of facts not contained in the existing record, they are not ripe for consideration on direct appeal. Taylor's claim that the enhancement under 21 U.S.C. § 851 (2000) was improper as it was based upon an offense committed within the scope of the instant conspiracy is without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Taylor's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time. Counsel's motion must state that a copy thereof was served on Taylor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED